UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

GREGORY A TAYLOR, )
)
Plaintiff, )
)
v. ) No. 2:17-cv-00509-WTL-MJD
)
PENELOPE WADLEIGH Nurse, )
CORIZON HEALTH CARE, )
)
Defendants. )

**Entry Screening Complaint and Directing Further Proceedings**

Gregory Taylor, an inmate at the Wabash Valley Correctional Facility, brings this action against Penelope Wadleigh and Corison Health Care pursuant to 42 U.S.C. § 1983, the Rehabilitation Act, and the Americans with Disabilities Act.

**I. Screening Standard**

Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

## II. Discussion

Taylor alleges that in September of 2016, while he was housed at the New Castle Correctional Facility, he complained to Nurse Practitioner Wadleigh that he was having difficulty with paranoia and auditory hallucinations, but that she failed to ensure that he received the proper medications to treat these conditions. As a result, he experienced auditory hallucinations during recreation. Apparently because of his hallucinations, Taylor climbed the recreation cage and was maced and injured. Taylor further alleges that Nurse Practitioner Wadleigh's failure to treat him was the result of a policy and practice and failure to train by Corizon Health Care, her employer. Based on the screening set forth above, the following claims shall proceed.

Taylor's allegation that Nurse Practitioner Wadleigh failed to treat his mental illness **shall proceed** as a claim that she was deliberately indifferent to his serious medical needs in violation of his Eighth Amendment rights. This allegation **shall also proceed** as state law claims of negligence and negligent infliction of emotional distress.

Taylor's claim that Corizon maintained an unconstitutional policy or practice and failed to train its employees and that this practice and failure to train resulted in his injuries, **shall proceed** as a claim that Corizon was deliberately indifferent to his serious medical needs in violation of his Eighth Amendment rights. His state law negligence and negligent infliction of emotional distress claims **shall also proceed** against Corizon.

Taylor's claims under the Americans with Disabilities Act and the Rehabilitation Act **shall proceed** against Corizon. *See Jaros v. Illinois Dept. of Corrections*, 684 F.3d 667, 670 (7th Cir. 2012) (individual employees are not amenable to suit under the Rehabilitation Act or the ADA).

This summary of remaining claims includes all of the viable claims identified by the Court. All other claims have been dismissed. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court he shall have **through March 12, 2018,** in which to identify those claims.

### III. Duty to Update Address

The pro se plaintiff shall report any change of address within ten (10) days of any change. The Court must be able to locate the plaintiff to communicate with him. If the plaintiff fails to keep the Court informed of his or her current address, the action may be subject to dismissal for failure to comply with Court orders and failure to prosecute.

### IV. Service of Process

The **clerk is designated** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to the defendants in the manner specified by Rule 4(d). Process shall consist of the complaint filed on, applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

**IT IS SO ORDERED.**

Date: 2/14/18

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Gregory Taylor
883235
Wabash Valley Correctional Facility
Electronic Service Participant - Court only



Corizon Health Care
103 Powell Ct. Ste 200
Brentwood, TN 37027

Penelope Wadleigh
MEDICAL EMPLOYEE
New Castle Correctional Facility
1000 Van Nuys Rd.
New Castle, IN 47362

Courtesy Copy to:

Jeb Crandall
Bleeke Dillon Crandall
8470 Allison Pointe Blvd.
Indianapolis, IN 46250